**Michael R. SHEMONSKY, Appellant**

v.

**Judge John J. THOMAS; State of Pennsylvania; State of New Jersey.**

**No. 07–3761.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 8, 2007.

Filed: Nov. 27, 2007.

Michael R. Shemonsky, Weatherly, PA, pro se.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

*Pro se* appellant, Michael Shemonsky, appeals the District Court's order dismissing his *in forma pauperis* civil rights complaint filed pursuant to 42 U.S.C. § 1983. In that complaint, Shemonsky alleged that Judge John J. Thomas, who presided over appellant's bankruptcy proceeding, improperly dismissed that action. Shemonsky sought unspecified monetary damages. Concluding that Judge Thomas is immune from suit, the District Court dismissed Shemonsky's complaint. This timely appeal followed.

The District Court was correct to conclude that Shemonsky's claims against Judge Thomas are barred by the doctrine of judicial immunity. It is a well-established principle that judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Because the act that Shemonsky complains of—dismissal of his bankruptcy action—was performed by Judge Thomas in his official capacity, Judge Thomas is entitled to judicial immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768–69 (3d Cir.2000). As the District Court properly advised, should Shemonsky wish to challenge the dismissal of the bankruptcy action referenced in the complaint, the appropriate remedy is an appeal.

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).